1  THOMAS M. TOMLINSON          State Bar # 63025
   LEGLER & TOMLINSON
2  Attorneys At Law
   231 Fourth Avenue
3  Chula Vista, CA  91910
   (619) 426-9070
4

5  Attorney for Petitioner

6

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              SOUTHERN DISTRICT OF CALIFORNIA

10 KAREL SPIKES,                     )   CASE NO:08 CV 1082 BEN JMA
                                     )
11              Plaintiff,            )   Complaint filed June 18, 2008
                                     )
12 vs.                               )
                                     )   ANSWER TO COMPLAINT
13 SYED M. TAHIR dba S S AUTO        )
   REPAIR; CULBERT FAMILY BYPASS     )
14 TRUST 2-28-97 and DOES 1          )
   THROUGH 10, inclusive             )
15                                    )
                                     )
16              Defendants,           )

17 _____

18      SYED TAHIR dba S S AUTO REPAIR, and CULBERT FAMILY BYPASS TRUST

19 2-28-97 answer plaintiff's complaint as follows:

20      1.   Paragraphs 1 and 2: Admit

21      2.   Paragraph 3: As to allegations concerning any alleged violations or denial

22 of access, deny.

23      3.   Paragraphs 4 and 5: Admit

24      4.   Paragraph 6: Deny

25      5.   Paragraph 7: Deny upon lack of information and belief.

26      6.   Paragraph 8: Deny

27      7.   Paragraph 9: Deny upon lack of information and belief.

28      8.   Paragraphs 10 and 11: Deny

ANSWER TO COMPLAINT

9. Paragraphs 12, 13, 14, and 15: Defendants deny all allegations concerning the existence of any barriers and/or requirement of modifications or removal, injuries, and entitlement to any remedy or damages whatsoever.

10. Paragraph 16: Defendants re-allege and incorporate by reference their answers to each and every allegation in paragraphs 1 through 15 inclusive, as though set forth fully herein.

11. Paragraphs 17 and 18: Defendants deny that plaintiff has suffered any denial of access, has been subjected to any discrimination, and that plaintiff is entitled to any relief or order whatsoever.

12. Paragraph 19: Defendants re-allege and incorporate by reference their answers to each and every allegation in paragraphs 1 through 18 inclusive, as though set forth fully herein.

13 Paragraphs 21, 22, and 23: Deny, and deny that plaintiff is entitled to any relief for damages whatsoever.

14. Paragraph 24: Defendants re-allege and incorporate by reference their answers to each and every allegation in paragraphs 1 through 23 inclusive, as though set forth fully herein.

15. Paragraphs 25, 26, and 27: Deny, and deny that there has been any denial of access and that plaintiff is entitled to any relief or damages whatsoever.

16. Paragraph 28: Defendants re-allege and incorporate by reference their answers to each and every allegation in paragraphs 1 through 27 inclusive, as though set forth fully herein.

17. Paragraph 29 and 30: Deny, and deny that plaintiff is entitled to any judgment or any relief whatsoever.

18. Paragraph 31: Defendants re-allege and incorporate by reference their answers to each and every allegation in paragraphs 1 through 30 inclusive, as though set forth fully herein.

/ / / / /

19. Paragraphs 32 and 33: Deny, and deny that plaintiff is entitled to any remedy or relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

The complaint and each cause of action asserted therein fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

If plaintiff has been damaged in any way, which defendants deny, then the proximate cause of such damage was the conduct of plaintiff or others for which defendants are not and were not responsible.

## FOURTH AFFIRMATIVE DEFENSE

The claims of plaintiff's complaint are barred because the accommodations sought by plaintiff are not required by law.

## FIFTH AFFIRMATIVE DEFENSE

The claims of plaintiff's complaint for damages are speculative.

## SIXTH AFFIRMATIVE DEFENSE

The complaint seeks accommodations and modifications of the facility that are excused by law because they are not readily achievable, fundamentally alter the nature of the goods and services offered, and/or would impose undue hardship.

## SEVENTH AFFIRMATIVE DEFENSE

If plaintiff has suffered any damages, which defendants deny, then defendants are entitled to have the amount abated, apportioned or reduced to the extent that any other parties' actions caused or contributed to the alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

The claims in the complaint are barred by the doctrine of unclean hands.

/ / / / /

/ / / / /

### NINTH AFFIRMATIVE DEFENSE

The claims in the complaint are based on statutes that, in the context of this lawsuit, are void, invalid and otherwise unenforceable as violative of the due process clauses of the United States and California Constitutions.

### TENTH AFFIRMATIVE DEFENSE

The claims in plaintiff's complaint are barred to the extent that they seek equivalent service, access and enjoyment of defendants' establishment which is excused by law because it is not readily achievable, would result in significant loss of selling space and/or alternative methods of accessability are available.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims in the complaint are barred because plaintiff failed to give defendants notice of the need for accommodation or assistance and/or failed to exhaust all available administrative remedies.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that the claims in the complaint seek to deprive defendants of the use of their facility or to fundamentally alter the use of defendants' property, such claims would constitute an unfair taking of property under the United States and California Constitutions.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff does not have standing to recover the damages and the relief sought in the complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has unreasonably delayed pursing the action, and is therefore barred by the doctrine of laches from obtaining equitable relief.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff has failed to take reasonable steps to mitigate damages, if any, plaintiff is barred from recovery.

/ / / / /

### SIXTEENTH AFFIRMATIVE DEFENSE

The claims in plaintiff's complaint are barred by the doctrines of waiver and/or estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that any damages have been suffered, which defendants deny, by reason of the contributory or comparative bad faith of plaintiff, the claims are barred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that damage, if any, which defendants deny, were caused by plaintiff's own failure to exercise reasonable and ordinary care and diligence, the claims are barred by plaintiff's contributory and/or comparative negligence.

### NINETEENTH AFFIRMATIVE DEFENSE

If any of the claims of the complaint stated an action for general and/or compensatory damages, equitable relief, or attorney's fees, all of which defendants deny, then plaintiff would still not be entitled to an award of punitive, exemplary, or statutory damages. Any such award would violate defendants' right to due process and to equal protection under the United States and California Constitutions.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is acting in bad faith. Plaintiff did not intend to be a customer of an establishment at the subject property, and plaintiff did not come to the premises in order to be a customer. Plaintiff came to the premises specifically for the purpose of attempting to establish a cause of action. It is respectfully submitted that the court should determine such activity to be against public policy and in such bad faith that no damage nor relief should be awarded.

### TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring a claim for damages and relief.

/ / / / /

/ / / / /

/ / / / /

     **WHEREFORE** defendants pray that plaintiff take nothing by his complaint, that defendants be awarded reasonable costs and attorney's fees, and for such other relief as the court deems just.

DATED: July 14, 2008                    /S/ THOMAS M. TOMLINSON
                                            Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF CALIFORNIA

Thomas M. Tomlinson   SBN: 63025
LEGLER & TOMLINSON
231 Fourth Avenue
Chula Vista, CA 91910
(619) 426-9070

Case Name: Karel Spikes v. Syed M. Tahir dba S S Auto Repair, et al
Case No.:   08 CV 1082 BEN JMA

### PROOF OF SERVICE BY MAIL

I, Mardella Dorrel, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 231 Fourth Avenue, Chula Vista, California 91910.

On July 14, 2008, I caused the following document(s) described as: **ANSWER TO COMPLAINT** to be served on the parties in this action by placing true copies thereof enclosed in sealed envelope(s) addressed as follows:

<u>Attorney for Karel Spikes</u>

Amy B. Vandeveld
Law Offices of Amy B. Vaneveld
1850 Fifth Avenue
San Diego, CA 92101

I caused such envelope to be deposited in the mail at Chula Vista, California. The envelope(s) were sealed and placed for collection and mailing with postage thereon fully prepaid in accordance with ordinary business practices.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Chula Vista, California, in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and the same is executed on July 14, 2008, at Chula Vista, California.

/S/ MARDELLA DORREL